## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GARY DITTLER, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 23-294-SDD-SDJ**

**HAZA FOODS OF**
**LOUISIANA, LLC, et al.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 26, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GARY DITTLER, et al.**                     **CIVIL ACTION**

**VERSUS**                                    **NO. 23-294-SDD-SDJ**

**HAZA FOODS OF**
**LOUISIANA, LLC, et al.**

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiffs Gary Dittler and Nicole Dittler (R. Doc. 16). Defendants Haza Foods of Louisiana, LLC, Harmony Management Services, LLC, Latrice Toston, Old Republic Insurance Company, and Pennsylvania Manufacturer Indemnity Company oppose this Motion (R. Doc. 23). Plaintiffs filed a Reply Memorandum in further support of their position (R. Doc. 26). For the reasons set forth below, it is recommended that Plaintiffs' Motion to Remand be **denied**.

## I. Background

On or about December 21, 2022, Plaintiffs filed a petition in state court against Defendants, alleging that, while in a Wendy's located on Main Street in Zachary, Louisiana, on July 22, 2022, Plaintiff Gary Dittler slipped on a wet substance on the floor and fell, injuring himself.[1] Named as Defendants in the state court Petition are the entities that own and manage the Wendy's in question, two insurance companies, and Latrice Toston, the manager on duty at Wendy's when the incident occurred.[2]

---

[1] R. Doc. 1-2 at 1 ¶ II, 4 ¶¶ VI-VII.
[2] R. Doc. 1-2 at 1 ¶ I, 3-4 ¶ V; R. Doc. 1-3 at 1-2 ¶ II.

On April 18, 2023, Defendants filed a Notice of Removal, asserting that this Court has federal jurisdiction pursuant to 28 U.S.C. § 1332.[3]  In their Notice of Removal, Defendants assert that the amount in controversy requirement is satisfied because Defendants received notice from Plaintiff's counsel that Plaintiff Gary Dittler "underwent an open reduction internal fixation surgery of his elbow on July 25, 2022,"[4] citing cases indicating damage awards involving ORIF surgeries range from $100,000 to $200,000.[5]  Plaintiffs do not contest that the amount in controversy has been met.

In addition, Defendants assert that there is complete diversity of the Parties.  The Notice of Removal asserts that Plaintiffs are citizens of Louisiana: Haza is a citizen of Texas, both Old Republic and PMIC are citizens of Pennsylvania, Harmony is a citizen of Texas, and Toston is a citizen of Louisiana.[6]  Defendants argue, though, that Toston's Louisiana citizenship does not bar removal because Toston is an improperly joined defendant.[7]

On May 15, 2023, Plaintiffs filed the instant Motion to Remand.  In their Motion, Plaintiffs seek remand to state court for lack of diversity jurisdiction, claiming that Toston's citizenship must be considered because she is a properly joined Defendant.[8]

## II.    Applicable Law

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

---

[3] R. Doc. 1.
[4] R. Doc. 1 at 3; *see also* R. Doc. 1-5 at 1.
[5] R. Doc. 1 at 3.  *See, e.g., Tromatore v. Jefferson Parish Hosp. Servs. Dist.*, 21-551 (La. App. 5 Cir. 5/26/22), 341 So.3d 1269; *Millet v. Evangeline Health Care, Inc.*, 02-1020 (La. App. 5 Cir. 1/28/03), 839 So.2d 357.
[6] R. Doc. 1 at 5-6.
[7] R. Doc. 1 at 6.
[8] R. Doc. 16-1 at 1.

different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).   In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  *Coury v. Prot*, 85 F.3d 244, 248-249 (5th Cir. 1996).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

## B.  Improper Joinder

If Defendant Toston, a Louisiana citizen, is properly joined, her presence in this action precludes removal, and the Motion to Remand should be granted. *See* 28 U.S.C. § 1441(b)(2). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).  The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Id*. at 573, quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

There is no allegation here of actual fraud, so the only question concerns Plaintiffs' ability to establish a cause of action against Toston.  The test for failure to establish a cause of action is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff

against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.  In order to determine whether there is a possibility of recovery, "[t]he Court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.

### III.    Discussion

"When a case is removed to federal court on the basis of diversity jurisdiction, the Erie doctrine requires federal courts to apply substantive state law when adjudicating state law claims." *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Nos. 10-684, 12-147, 2013 WL 1296678, at *2 (M.D. La. March 28, 2013), citing *LeMeilleur v. Monumental Life Ins. Co*., 419 F. App'x. 451, 453 (5th Cir. 2011); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances."  *Kemp v. CTL Distribution, Inc*., 440 F. App'x. 240, 244 (5th Cir. 2011), citing *Canter v. Koehring*, 283 So.2d 716, 721-22 (La. 1973), *superseded on other grounds by statute*, La. R.S. § 23:1032 (1998)).  "This 'liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship.'"  *Id*., citing *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 312 (5th Cir. 2005); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994).  "[A]n employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care."  *Moore v. Manns*, 732 F.3d

454, 456-57 (5th Cir. 2013), citing *Canter*, 283 So.2d at 721. "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id*. at 457.

Plaintiffs allege in their Petition that Toston "had ultimate and final authority over mat placement, clean up procedures, restaurant sweeps, and any identification and elimination of slip, trip, and fall hazards."[9] Plaintiffs then allege 17 separate obligations of Toston which composed her alleged "duty of care to maintain the Premises in a reasonably safe condition,"[10] all of which are general in nature. However, Plaintiffs do not allege any specific facts regarding Gary Dittler's fall or Toston's involvement therein, stating simply that "[u]nbeknownst to Mr. Dittler, there was a wet substance on the floor, which caused him to slip and fall."[11] Nowhere do Plaintiffs identify any specific duties of care owed to Plaintiffs by Toston that were delegated to her by her employer with respect to the maintenance and safety of the premises, other than generalized duties such as properly placing mats and inspecting floors to make sure they are not unreasonably slippery.[12] Thus, Plaintiffs have failed to show that a duty of care to Plaintiffs was delegated to Toston by her employer. *See Bell v. Dow Chem. Co.*, No. 21-326, 2022 WL 1221639, at *6 (M.D. La. Mar. 11, 2022) (finding delegation of duty factor not established, stating "Plaintiffs do not make any factual allegations with respect to the actual duties of the Individual Defendants as managers, much less any factual allegations suggesting that these individuals were tasked with independently ascertaining what levels of emissions were safe."); *Vallee v. Crown Equip. Corp.*, No. 20-1571, 2020 WL 8265340, at *4 (E.D. La. Nov. 10, 2020) ("In fact, the state-court petition does not allege any facts about Giroir's duties or the scope of his responsibilities whether delegated by Crown or otherwise. Asserting a job title is not tantamount to alleging the factual basis for a duty.");

---

[9] R. Doc. 1-2 at 2 ¶ IV.
[10] R. Doc. 1-2 at 3 ¶ V.
[11] R. Doc. 1-2 at 4 ¶ VII.
[12] R. Doc. 1-2 at 3 ¶ V.

*Battenfield v. Wal-Mart Stores, Inc.*, No. 11-1537, 2013 WL 880307, at *4 (W.D. La. Mar. 8, 2013) (noting that "[w]hile Jones [manager] has been delegated some degree of care by Wal-Mart, there is no indication that they have delegated to her the task of micro-managing the store" in finding Wal-Mart manager improperly joined).

Additionally, Plaintiffs allege that Toston was the manager at the time of the incident and "further had the responsibility to conduct inspections at the Premises and negligently did so by failing to identify or negligently identifying the hazard."[13]  Plaintiffs, however, do not allege that Toston had been informed of the wet substance on the ground or otherwise had knowledge of the "hazard"; in fact, this allegation by Plaintiffs that Toston failed to identify the hazard indicates that Toston did not have knowledge of the alleged hazardous condition.  "This Court has previously held that '[u]nder Louisiana law, an employee's personal involvement in causing the alleged injury or *the employee's knowledge of the dangers present* could give rise to the personal duty contemplated by *Canter*.'"  *Marbury v. Cracker Barrel Old Country Store, Inc.*, No. 18-905, 2019 WL 4667340, at *5 (M.D. La. Sep. 6, 2019) (emphasis in original), quoting *Mathes v. PNK (Baton Rouge) Partnership*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017).  Such is not the case here where nothing in Plaintiffs' pleadings indicate Toston had knowledge of the wet substance on the floor.  Plaintiffs, therefore, do not raise any factual allegations regarding Toston's personal knowledge "sufficient to raise a right to relief above the speculative level."  *Lundy v. ACE Am. Ins. Co.*, No. 22-930, 2023 WL 3730295, at *5 (M.D. La. May 30, 2023); *see also Battenfield*, 2013 WL 880307, at *4 (finding Wal-Mart manager improperly joined and noting that "[t]here is no indication whatsoever that Jones knew or should have known of the existence of the spill such that she could have been personally obligated to warn the plaintiff or to personally oversee any

---

[13] R. Doc. 1-2 at 2 ¶ IV.

clean-up efforts."); *Tudbury v. Galloway*, No. 91-1719, 1991 WL 112013, at *1 (E.D. La. Jun. 14, 1991) (holding that plaintiff who slipped and fell on a liquid substance failed to state a claim against the store manager because plaintiff did not allege that the manager "caused the spill or saw the spill and neglected to clean it").

At most, Plaintiffs have alleged that Toston breached general administrative responsibilities rather than any personal duties owed to Plaintiffs. *See Gros v. Warren Props., Inc.*, No. 12-2184, 2012 WL 5906724, at *10 (E.D. La. Nov. 26, 2012) ("Because Plaintiff has not alleged that Bodine actually knew about the allegedly defective condition of the lighting and failed to take steps to repair it or that Bodine was personally involved in creating the allegedly defective condition, it appears that Plaintiff is seeking to impose liability on Bodine for a breach of general administrative duties as a resident apartment manager to supervise, inspect, and test, rather than breach of a personal duty, which *Canter* prohibits."). Accordingly, Toston was improperly joined as a defendant, and her citizenship must be disregarded for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. Because Toston was improperly joined as a defendant, the Court must dismiss Plaintiffs' claims against this non-diverse defendant without prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party.").

## IV.    Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Remand (R. Doc. 16) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' claims against Latrice Toston be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 26, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**